UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIA JUSCINSKA,

                Plaintiff,

v.

MESON SEVILLA, LTD. AND 344 WESTSIDE PROPERTIES, LLC,

                Defendants.

USDC-S.D.N.Y.
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 02/23/2021

19-CV-5284 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiff brought this suit against Defendants Meson Sevilla, Ltd. and 344 Westside Properties, LLC ("Defendants") on June 5, 2019, alleging violations of the Americans with Disabilities Act at the Meson Sevilla restaurant in Manhattan. Dkt. 1. The Court entered default judgment for Plaintiff on January 8, 2020, *see* Dkt. 19, and Plaintiff now moves for an award of attorneys' fees and costs, *see* Dkt. 20. Plaintiff seeks $6,450 in attorneys' fees and $516 in litigation expenses. For the following reasons, the unopposed motion is granted.[1]

---

[1] In December 2020, the Court became aware of a potential error in the address on file with the New York Department of State for one of the two defendants, 344 Westside Properties, LLC. *See* Dkt. 23. (There has been no indication of an incorrect address for Defendant Meson Sevilla.) The Court directed Plaintiff to serve all relevant papers to an address that appeared to the Court to be the correct one, which Plaintiff did. *See* Dkt. 24. In light of this development, the Court held the instant motion in abeyance and gave Defendants a final opportunity to appear. Plaintiff subsequently learned from the New York Department of State that there had been, in fact, an error in the address on file, and the Department of State provided the correct address via email to Plaintiff's counsel. *See* Dkt. 29. Plaintiff accordingly served all papers to that address as well, *see* Dkt. 28, and the Court extended the time in which Defendants would be given an opportunity to appear until February 16, 2021, *see* Dkt. 30. As that deadline has now passed, and as Plaintiff has diligently served all relevant papers on multiple occasions, the Court proceeds to address the pending motion for fees and costs.

## LEGAL STANDARD

When exercising their discretion to determine the reasonableness of the attorneys' fees sought, courts in this Circuit use the "presumptively reasonable fee" standard. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). A reasonable hourly rate is "the rate prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 208 (2d Cir. 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 1547 n.11 (1984)). "Requested fees must be supported with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." *Abdell v. City of New York*, No. 05-CV-8453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015) (internal quotation marks omitted).

## DISCUSSION

Plaintiff moves for an award of $6,966 in attorneys' fees and costs, consisting of $6,450 in fees and $516 in litigation costs. The motion is granted, as the Court finds this award to be reasonable. *See* 42 U.S.C. § 12205; *Cox v. Anjin LLC*, No. 19-CV-4315 (GBD) (SLC), 2020 WL 5027864, at *8 (S.D.N.Y. July 24, 2020), *report and recommendation adopted,* 2020 WL 5018255 (S.D.N.Y. Aug. 25, 2020) (the ADA "permit[s] a successful plaintiff to recover reasonable attorneys' fees and costs").

Mr. Sekendiz requests an hourly rate of $375, which is well within the standard range for similar cases brought in this District. "Other judges within this District have found the customary rate for experienced litigators ranges from about $400 to $600 per hour in civil rights and ADA cases." *Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 496 (S.D.N.Y. 2019); *Swartz v. HCIN Water St. Assocs., LLC*, No. 17 CIV. 4187 (ER), 2018 WL 5629903, at *4 (S.D.N.Y. Oct. 31,

2018) (hourly rate of $400 appropriate for "garden-variety" ADA case); *Dancy v. McGinley*, 141 F. Supp. 3d 231, 238 (S.D.N.Y. 2015) ("[F]or experienced attorneys, hourly rates of $300-400 are unremarkable in civil rights cases in the Southern District."). Because Mr. Sekendiz is an experienced litigator who has litigated many cases under the ADA in this District and has more than fifteen years' experience practicing law in New York, *see Rogers v. Subotic LLC*, No. 18-CV-1997 (JPO), 2019 WL 350259, at *2 (S.D.N.Y. Jan. 29, 2019), the Court finds his requested hourly rate of $375 is reasonable.

Having determined that the hourly rate is reasonable, the Court must also determine that Plaintiff is seeking compensation only for "hours reasonably expended on the litigation," and not for "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). Here, Plaintiff has documented 17.2 hours of work on preparing and filing the complaint, serving the complaint, preparing and serving other court papers, moving for default judgment, and attending the December 2019 show-cause hearing. *See* Dkt. 21-2. The Court finds that Plaintiff's counsel has expended a reasonable number of hours on this case. *See Najnin v. Dollar Mountain, Inc.*, No. 14-CV-5758, 2015 WL 6125436, at *5 (S.D.N.Y. Sept. 25, 2015) (finding that 17 hours was a reasonable amount of time to spend on a civil rights case involving a motion for default judgment).

Plaintiff has also documented litigation costs in the amount of $516, consisting of the filing fee and a service fee. *See* Dkts. 21-3, 21-4. "Courts generally award reasonable out-of-pocket costs incurred by attorneys and charged to their clients." *Torres v. City of New York*, No. 18-CV-03644 (LGS) (KHP), 2020 WL 6561599, at *8 (S.D.N.Y. June 3, 2020) (internal quotation marks omitted), *report and recommendation adopted*, 2020 WL 4883807 (S.D.N.Y. Aug. 20, 2020). Accordingly, the Court grants Plaintiff's request for costs.

## CONCLUSION

For the foregoing reasons, Plaintiff is awarded $6,450 in attorneys' fees and $516 in litigation costs, for a total of $6,966. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 20. Plaintiff is directed to serve a copy of this order on Defendants.

SO ORDERED.
Dated:     February 23, 2021
           New York, New York

_____
RONNIE ABRAMS
United States District Judge